UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE: )
)
) CASE NO.:  23-60534-TJ23
NAIROBI DEON RILEY, SR, )
) CHAPTER 13
     DEBTOR. )
) JUDGE WENDY L. HAGENAU
------------------------------------------------------------------------ )
)
MELISSA J. DAVEY, )
STANDING CHAPTER 13 TRUSTEE, )
     Movant, )
)
v. ) CONTESTED MATTER
)
NAIROBI DEON RILEY, SR, )
     Respondent. )
)
------------------------------------------------------------------------ )

**CHAPTER 13 TRUSTEE'S**
**OBJECTION TO CONFIRMATION & MOTION TO DISMISS**

     Melissa J. Davey, Chapter 13 Trustee, objects to confirmation of the plan and moves to dismiss this case pursuant to 11 U.S.C. Section 1307(c) for the following reasons:

     1.     The plan as proposed will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1322(d).

     2.     The Plan appears to be infeasible, as Debtor has failed to pay the post-petition monthly mortgage payments. 11 U.S.C. Section 1325(a)(6).

     3.     Debtor has failed to correctly respond to Part 11 of the Statement of Financial Affairs regarding Debtor's self-employment and/or business(es), thereby preventing the Trustee from fully evaluating whether the proposed Plan complies with 11 U.S.C. Sections 1325(a)(3), 1325(a)(6), 1325(a)(7) and 1325(b)(1)(B).

     4.     Pursuant to testimony from the meeting of creditors, Debtor is represented by counsel in a pending/or anticipated non-bankruptcy litigation. The attorney must be

approved as special counsel by the Bankruptcy Court in accordance with 11 U.S.C. Section 329 and Bankruptcy Rules 2016 and 2017.

5.      The Chapter 13 Plan fails to provide that all net proceeds from the Debtor's pending/anticipated lawsuit will be paid to the Trustee for distribution to allowed unsecured claims, as required by 11 U.S.C. Sections 1325(a)(3), 1325(a)(4), and 1325(b).

6.      The Chapter 13 Plan appears to be infeasible because the budget in the Schedules fails to include an expense for Solar Mosaic in the amount of $145.00 per month. 11 U.S.C. Section 1325(a)(6).

7.      The Debtor's Chapter 13 Plan fails to provide for an increase in plan payments when the direct payments of $131.00 per month end in within one (1) year for Debtor's 401(k) loan, in possible violation of 11 U.S.C. Sections 1325(a)(3), 1325(b)(1)(B) and 1325(b)(2)(A).

8.      The Chapter 13 Schedules reflect an exemption of $7,803.00 for various items. The Chapter 13 Trustee objects to the exemption because the amount of the exemption exceeds the exemption limitations allowed in accordance with O.C.G.A. Section 44-13-100(a)(6).

9.      The Chapter 13 Trustee objects to Debtor's claim of the exemption of funds held in a retirement account under O.C.G.A. Section 44-13-100(a)(2)(E), as this exemption subsection is not applicable to said property. See O.C.G.A. Section 44-13-100(a)(2.1).

10.     The Chapter 13 Trustee is unable to administer the provisions in the Chapter 13 Plan regarding the claim of Solar Mosaic. The Plan should be amended to clarify the creditor's treatment and/or to provide additional information to allow administration of the payments to the creditor. Pursuant to Debtor's testimony, Debtor owes arrears.

11.     The Chapter 13 plan proposes to pay $5,150.00 to the Debtor's Attorney for payment of attorney fees. The Trustee is unable to determine whether this is a reasonable fee and would request that Debtor's counsel appear at confirmation and be prepared to present evidence to the Court regarding the reasonableness of the requested fee.

12.     Pursuant to Debtor's testimony, Debtor settled a personal injury claim and received $9,000.00 net proceeds. Debtor could not testify as to whether the settlement was pre-petition or post-petition. If post-petition, Debtor did not seek approval of Heritage Law Group or approval of the settlement, and Debtor received and spent settlement funds without Bankruptcy Court approval. 11 U.S.C. Section 1325(a)(7).

13.     Prior to filing or post-petition, Debtor transferred $4,000.00 to family and friends in repayment of loans. The Trustee requests documentation supporting the transfer,

including bank account statements or other proof of payment. The Trustee also requests a statement from the Debtor showing the justification for and purpose of the transfer and complete contact information for the transferee, so that the Trustee can determine whether the transfer is voidable under 11 U.S.C. Sections 546, 547 and/or 548 and whether the Plan was proposed in good faith pursuant to 11 U.S.C. Sections 1325(a)(3) and 1325(a)(7).

14.     The Chapter 13 Trustee requests bank statements for all accounts for September, 2023 through December, 2023 and a copy of settlement agreement in order to determine whether the Chapter 13 Plan complies with 11 U.S.C. Sections 1325(a)(3), (a)(4), (a)(6) and/or (b)(1)(B).

15.     If Debtor paid attorney fees from the settlement post-petition, Debtor failed to obtain approval of these fees. 11 U.S.C. Section 330.

Wherefore, the Trustee moves this Honorable Court to consider the above objections at the confirmation hearing, deny confirmation of the Chapter 13 plan, dismiss the case pursuant to 11 U.S.C. Section 1307(c), and for such other and further relief that this Court deems just and proper.

Dated: December 22, 2023

/s/Mandy K. Campbell
Mandy K. Campbell
Attorney for the Chapter 13 Trustee
GA Bar No. 142676
233 Peachtree Street, NE, Suite 2250
Atlanta, GA 30303
Telephone:     (678) 510-1444
Facsimile:     (678) 510-1450
mail@13trusteeatlanta.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.:  23-60534-TJ23 |
| | ) | |
| NAIROBI DEON RILEY, SR, | ) | CHAPTER 13 |
| | ) | |
| DEBTOR. | ) | JUDGE WENDY L. HAGENAU |
| | ) | |
| ------------------------------------------------------------------ | ) | |
| | ) | |
| MELISSA J. DAVEY, | ) | |
| STANDING CHAPTER 13 TRUSTEE, | ) | |
|     Movant, | ) | |
| | ) | |
| v. | ) | CONTESTED MATTER |
| | ) | |
| NAIROBI DEON RILEY, SR, | ) | |
|     Respondent. | ) | |
| | ) | |
| ------------------------------------------------------------------ | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the December 22, 2023, I electronically filed the foregoing Chapter 13 Chapter 13 Trustee's  Objection to Confirmation & Motion to Dismiss with the Clerk of Court using the CM/ECF system which will automatically send an e-mail notification of such filing to the parties or attorneys of record. I have also on this day caused a copy of the pleading to be placed in the first-class United States mail, postage prepaid, addressed to the following recipients not participating in the CM/ECF system as follows:

DEBTOR:

NAIROBI DEON RILEY, SR
6352 WOODSTOCK LANE
RIVERDALE, GA  30296

Dated: December 22, 2023

/s/Mandy K. Campbell

Mandy K. Campbell

Attorney for the Chapter 13 Trustee

GA Bar No. 142676

   233 Peachtree Street, NE, Suite 2250

Atlanta, GA 30303

Telephone:   (678) 510-1444

Facsimile:   (678) 510-1450

mail@13trusteeatlanta.com