**Fill in this information to identify your case:**

Debtor 1: **Nairobi Deon Riley, Sr.**
First Name    Middle Name    Last Name

Debtor 2: _____
(Spouse, if filing)    First Name    Middle Name    Last Name

United States Bankruptcy Court for the **NORTHERN DISTRICT OF GEORGIA - ATLANTA DIVISION**

Case number: 23-60534-TJ23
(If known)

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.
2.1, 3.1, 4.3

# First Amended Chapter 13 Plan

**NOTE:** The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 41-2020, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 41-2020 as it may from time to time be amended or superseded.

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan, except 1.4.*

| | | | |
|---|---|---|---|
| § 1.1 | **A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2** | ☐ Included | ☑ Not Included |
| § 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4** | ☐ Included | ☑ Not Included |
| § 1.3 | **Nonstandard provisions, set out in Part 8.** | ☐ Included | ☑ Not Included |
| § 1.4 | **The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4.** | ☐ Included | ☑ Not Included |

Debtor   **Nairobi Deon Riley, Sr.**                                       Case number _____

| Part 2: | Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims |

**§ 2.1    Regular Payments to the trustee; applicable commitment period.**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

*Check one:*   ☑ 36 months     ☐ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay **$680.00** per month for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*

☑ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.)*:

| Beginning on *(insert date)*: | The Regular Payment amount will change to *(insert amount)*: | For the following reason *(insert reason for change)*: |
|---|---|---|
| February 2024 | $811.00 per Month | when retirement loan ends |

**§ 2.2    Regular Payments; method of payment.**

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply:*

☑  Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☐  Debtor(s) will make payments directly to the trustee.

☐  Other (specify method of payment): _____

**§ 2.3    Income tax refunds.**

*Check one.*

☑  Debtor(s) will retain any income tax refunds received during the pendency of the case.

☐  Debtor(s) will (1) supply the trustee with a copy of each federal income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any federal income tax refund during the applicable commitment period for tax years ____, the amount by which the total of all of the federal income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐  Debtor(s) will treat tax refunds ("Tax Refunds") as follows: _____

**§ 2.4    Additional Payments.**

*Check one.*

☑  **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**§ 2.5    [Intentionally omitted.]**

**§ 2.6    Disbursement of funds by trustee to holders of allowed claims.**

**The trustee shall disburse funds in accordance with General Order No. 41-2020. (www.ganb.uscourts.gov/local-rules-and-orders)**

Debtor   **Nairobi Deon Riley, Sr.**                              Case number

## Part 3: Treatment of Secured Claims

**§ 3.1   Maintenance of payments and cure of default, if any.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑ Beginning with the first payment that is due after the date of the order for relief under Chapter 13, the debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor(s). Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated below.

If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless the Bankruptcy Court orders otherwise, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of creditor | Collateral | Estimated amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|---|
| **Essex Mortgage Services LTD.** | **6352 Woodstock Lane Riverdale, GA 30296 Clayton County** | $**5,000.00** | **0.00**% | $**125.00** |
| **Solar Mosaic Inc** | **6352 Woodstock Lane Riverdale, GA 30296 Clayton County** | $**342.77** | **0.00**% | **To be paid in full upon confirmation** |

**§ 3.2   Request for valuation of security and modification of certain undersecured claims.**

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**§ 3.3   Secured claims to be paid in full.**

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☑ The claims listed below will be paid in full under the plan. Reasons for payment in full may include:

(1) were incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) were incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

(3) the value of the collateral exceeds the anticipated claim; or

(4) the claim listed shall be paid in full because the claim is cosigned; or

(5) the claim shall be paid in full because the debtor is not entitled to a discharge.
These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed *Monthly preconfirmation adequate protection payment*.

Debtor   **Nairobi Deon Riley, Sr.**                              Case number

The holder of any claim listed below will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Collateral | Purchase date | Estimated amount of claim | Interest rate | Monthly preconfirmation adequate protection payment | Monthly postconfirmation payment to creditor by trustee |
|---|---|---|---|---|---|---|
| Navy Federal Credit Union | 2003 Yukon Denali 171000 miles | 10/22 | $6,336.00 | 9.00% | $75.00 | $ 75.00 increasing to 300.00 |
| Titlemax of Georgia, Inc. | 2011 Ford Flex 165000 miles | 4/2023 | $2,200.00 | 8.00% | $70.00 | $70.00 |

§ 3.4   **Lien avoidance**.

*Check one.*

   ☑   **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

§ 3.5   **Surrender of collateral.**

   *Check one.*

   ☑   **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

§ 3.6   **Other Allowed Secured Claims.**

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of __5.95__ %. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Part 4: | **Treatment of Fees and Priority Claims** |

§ 4.1   **General.**

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest. An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

§ 4.2   **Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

§ 4.3   **Attorney's fees.**

Debtor    **Nairobi Deon Riley, Sr.**                    Case number

(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $__4,850.00__. The allowance and payment of the fees, including the award of additional fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 42-2020 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) From the first disbursement after confirmation, the attorney will receive payment under the Chapter 13 Attorney's Fees Order up to the allowed amount set forth in § 4.3(a)

(d) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $__225.00__ per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in the Chapter 13 Attorney's Fees Order until all allowed amounts are paid in full.

(e) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $__2,500.00__, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(f) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $__2,500.00__, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 14 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney

(g) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(h) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

**§ 4.4    Priority claims other than attorney's fees.**

☐   **None.**  *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☐   The debtor(s) has/have domestic support obligations as set forth below. The debtor(s) is/are required to pay all post-petition domestic support obligations directly to the holder of the claim.

| Name and address of creditor | Name and address of child support enforcement agency entitled to § 1302(d)(1) notice | Estimated amount of claim | Monthly plan payment |
|---|---|---|---|
| -NONE- | | $ | $ |

☑   The debtor(s) has/have priority claims other than attorney's fees and domestic support obligations as set forth below:

| Name of creditor | Estimated amount of claim |
|---|---|
| Georgia Department of Revenue | $0.00 |
| IRS | $0.00 |

**Part 5:    Treatment of Nonpriority Unsecured Claims**

**§ 5.1    Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

*Check one.*

☐   A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐   A pro rata portion of the larger of (1) the sum of $____ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

Debtor   **Nairobi Deon Riley, Sr.**                                    Case number

☐ The larger of (1) _____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☑ 100% of the total amount of these claims.

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**§ 5.2   Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**§ 5.3   Other separately classified nonpriority unsecured claims.**

*Check one*.

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

| Part 6: | Executory Contracts and Unexpired Leases |

**§ 6.1   The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check one*.

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

| Part 7: | Vesting of Property of the Estate |

**§ 7.1   Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).**

| Part 8: | Nonstandard Plan Provisions |

**§ 8.1   Check "None" or List Nonstandard Plan Provisions.**

☑ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

| Part 9: | Signatures: |

**§ 9.1   Signatures of Debtor(s) and Attorney for Debtor(s).**

The debtor(s) must sign the initial plan and, if not represented by an attorney, any modification of the plan, below. The attorney for the debtor(s), if any, must sign below.

X  **/s/ Nairobi Deon Riley, Sr.**                                           X
   **Nairobi Deon Riley, Sr.**                                                   Signature of debtor 2 executed on
   Signature of debtor 1 executed on   01/17/2024

   **6352 Woodstock Lane**
   **Riverdale, GA 30296**
   Address                City, State, ZIP code            Address                City, State, ZIP code

X  **/s/ Thomas Reichard**                                    Date:  01/17/2024
   **Thomas Reichard, GA Bar # 150822**
   Signature of attorney for debtor(s)

Debtor    **Nairobi Deon Riley, Sr.**                                    Case number

**Clark & Washington, P.C.**
**3300 NE Expressway**
**Building 3**
**Atlanta, GA 30341**
**(404) 522-2222**
**(770) 220-0685 - fax**

Firm                                                           Address                          City, State, ZIP code

**By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA - ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 23-60534-TJ23 |
| | * | |
| Nairobi Deon Riley, Sr. | * | CHAPTER 13 |
| AKA Nairobi Kenya Deon Rodriquez Riley; | * | |
| AKA Nairobi Deon Rodriquez Riley; AKA | * | |
| Nairobi Riley | * | |
| | * | |
| | * | |
| Debtor. | * | |

## CERTIFICATE OF SERVICE

I certify that I served the following parties with a true copy of the attached "Amendment to Chapter 13 Plan" by placing the same in the United States Mail with adequate postage affixed to ensure delivery and addressed to:

Nairobi Deon Riley, Sr.
6352 Woodstock Lane
Riverdale  GA  30296

And, in the same manner, I served the parties listed in the attached matrix at the addresses indicated therein.

I further certify that Melissa J. Davey, the Chapter 13 Trustee, was served via the ECF electronic mail/noticing system.

DATE: 1/21/2024
/s/
Thomas Reichard, GA Bar # 150822
Attorney for Debtors

Clark & Washington, PC
3300 Northeast Expressway
Building 3
Atlanta  GA  30341
Phone: 404-522-2222
Fax:  770-220-0685
Email:  ecfnotices@cw13.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113E-1<br>Case 23-60534-TJ23<br>Northern District of Georgia<br>Atlanta<br>Fri Jan 19 19:58:05 EST 2024 | Aerial Funding, LLC<br>c/o Brian S. Goldberg, Esq.<br>Freeman Mathis & Gary, LLP<br>100 Galleria, Pkwy, Suite 1600<br>Atlanta, GA 30339-5948 | Ashley Funding Services, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 |
| Capital One<br>Attn: Bankruptcy<br>Po Box 30285<br>Salt Lake City, UT 84130-0285 | Capital One N.A.<br>by American InfoSource as agent<br>4515 N Santa Fe Ave<br>Oklahoma City, OK 73118-7901 | Citibank/The Home Depot<br>Citicorp Cr Srvs/Centralized Bankruptcy<br>Po Box 790040<br>St Louis, MO 63179-0040 |
| E. L. Clark<br>Clark & Washington, LLC<br>Bldg. 3<br>3300 Northeast Expwy.<br>Atlanta, GA 30341-3932 | Data Mortgage, Inc.<br>dba Essex Mortgage<br>1417 North Magnolia Avenue<br>Ocala, FL 34475-9078 | Data Mortgage, Inc. d/b/a Essex Mortgage<br>1417 North Magnolia Avenue<br>Ocala, FL 34475-9078 |
| Melissa J. Davey<br>Standing Chapter 13 Trustee<br>Suite 2250<br>233 Peachtree Street NE<br>Atlanta, GA 30303-1509 | Emory Healthcare<br>PO Box 1123<br>Minneapolis MN 55440-1123 | Enhanced Recovery Company<br>Attn: Bankruptcy<br>8014 Bayberry Road<br>Jacksonville, FL 32256-7412 |
| Essex Mortgage<br>1417 N. Magnolia Ave.<br>Ocala, FL 34475-9078 | Essex Mortgage<br>2100 W Orangewood Ave.<br>Orange, CA 92868-1983 | Essex Mortgage Services LTD.<br>Reg. Agent: Jack C. Sawyer<br>134 Peachtree Street<br># 1900<br>Lawrenceville, GA 30043 |
| Franklin Service, Inc.<br>2978 West Jackson Street<br>Po Box 3910<br>Tupelo, MS 38803-3910 | (p)GEORGIA DEPARTMENT OF REVENUE<br>COMPLIANCE DIVISION<br>ARCS BANKRUPTCY<br>1800 CENTURY BLVD NE SUITE 9100<br>ATLANTA GA 30345-3202 | Brian S. Goldberg<br>Freeman Mathis & Gary LLP<br>Suite 1600<br>100 Galleria Parkway<br>Atlanta, GA 30339-5948 |
| IRS<br>401 W. Peachtree St., NW<br>Stop #334-D<br>Room 400<br>Atlanta, GA 30308 | Navy Federal Credit Union<br>Mary McDuffie, CEO<br>820 Follin Lane<br>Vienna, VA 22180-4907 | Navy Federal Credit Union<br>P.O. Box 3000<br>Merrifield, VA 22119-3000 |
| Navy Federal Credit Union<br>P.O. Box 3700<br>Merrifield, VA 22119-3700 | OneMain Financial<br>Attn: Bankruptcy<br>Po Box 3251<br>Evansville, IN 47731-3251 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |
| Quantum3 Group LLC as agent for<br>BUREAUS INVESTMENT GROUP PORTFOLIO NO 15<br>PO Box 788<br>Kirkland, WA 98083-0788 | Nairobi Deon Riley Sr<br>6352 Woodstock Lane<br>Riverdale, GA 30296-2866 | Security Finance<br>Attn: Bankruptcy/Centralized Bank<br>Po Box 1893<br>Spartanburg, SC 29304-1893 |
| Solar Mosaic Inc<br>Reg. Agent: C T Corporation System<br>289 S Culver St.<br>Lawrenceville, GA 30046-4805 | Solar Mosaic Inc.<br>300 Lakeside Dr.<br>24th Fl<br>Oakland, CA 94612-3572 | Solar Mosaic LLC<br>c/o Weltman, Weinberg and Reis Co., LPA<br>P.O. Box 93784<br>Cleveland, OH 44101-5784 |

```
(p)TMX FINANCE LLC FORMERLY TITLEMAX        Titlemax of Georgia, Inc                United States Attorney
15 BULL STREET                              Reg. Agent: Corporation Service Company Northern District of Georgia
SUITE 200                                   2 Sun Court                             75 Ted Turner Drive SW, Suite 600
SAVANNAH GA 31401-2686                      Suite 400                               Atlanta GA 30303-3309
                                            Peachtree Corners, GA 30092-2865


(p)UPGRADE  INC                             Brian Widener                           World Finance Corp
2 N CENTRAL AVE                             Albertelli Law                          Attn: Bankruptcy
10TH FLOOR                                  100 Galleria Parkway                    Po Box 6429
PHOENIX AZ 85004-2322                       Suite 960                               Greenville, SC 29606-6429
                                            Atlanta, GA 30339-5947


World Finance c/o World Acceptance Corp.
Attn: Bankruptcy Processing Center
PO Box 6429
Greenville, SC 29606-6429
```

                    The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
                    by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Georgia Department of Revenue               PORTFOLIO RECOVERY ASSOCIATES, LLC      Title Max
Compliance Division                         POB 41067                               15 Bull Street
ARCS Bankruptcy                             Norfolk, VA 23541                       Suite 200
1800 Century BLVD NE Suite 9100                                                     Savannah, GA 31401
Atlanta, GA 30345-3202


(d)TitleMax of Georgia, Inc.                Upgrade, Inc.
15 Bull Street, Suite 200                   Attn: Bankruptcy
Savannah, GA 31401                          275 Battery Street 23rd Floor
                                            San Francisco, CA 94111
```

                    The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Aerial Funding, LLC                      (u)Data Mortgage, Inc. d/b/a Essex Mortgage    (u)Solar Mosaic LLC
```

```
End of Label Matrix
Mailable recipients    36
Bypassed recipients     3
Total                  39
```